**TRAVELERS CASUALTY & SURETY COMPANY, formerly known as the Aetna Casualty and Surety Company, Plaintiff–Appellee,**

v.

**ACE AMERICAN REINSURANCE COMPANY, formerly known as CIGNA Reinsurance Company, formerly known as INA Reinsurance Company and Insurance Company of North America, Defendant–Appellant.**

No. 05–6189.

United States Court of Appeals, Second Circuit.

Oct. 18, 2006.

Joseph Schiavone, Bud Larner PC, Short Hills, New Jersey (Vincent J. Proto, on the brief), for Plaintiff–Appellee.

Wayne R. Glaubinger, Mound Cotton Wollan & Greengrass, New York, New York (James M. Dennis, Olga Sekulic, on the brief), for Defendant–Appellant.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. BARBARA S. JONES, District Judge.*

**SUMMARY ORDER**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. This reinsurance collection dispute was brought by plaintiff Travelers Casualty Company ("Travelers") against defendants ACE

---

American Reinsurance Company ("ACE") for breach of contract relating to ACE's refusal to pay Travelers' outstanding billings on three three-year facultative reinsurance certificates ("Certificates"). The Certificates provide reinsurance for excess insurance policies ("Policies") issued by Travelers. The parties are in agreement that the underlying Policies provide coverage up to certain *annual* aggregate limits. They disagree, however, about whether the aggregate liability limits of the Certificates also apply on an annual basis, or whether the Certificates provide for a *single* aggregate limit for the three-year period of coverage. Obviously, an annual aggregate limit significantly enlarges ACE's liability exposure.

The Certificates contain a "follow the form" clause that states that the terms and conditions of liability of the Certificates shall "follow" those of the Policies, "except as otherwise specifically provided." Item 2 of the Certificate Declarations states the amount of liability and the application of the liability limits under the Policies; Item 4 states the amount of liability and the application of the liability limits under the Certificates. Both use the term "each occ.-agg." to describe how the limits are applied. Neither "occurrence" nor "aggregate" is defined in the Certificates. The terms are defined, however, in the Policies. Under the Policies, the "aggregate" amount applies on an annual basis.

ACE argues that, because the Certificates do not contain the term "annual," the district court erred in finding that the aggregate limits of the Certificates apply on an annual basis. ACE contends that the plain meaning of "aggregate" is a single aggregate limit. We disagree. Item 2 of the Certificates uses "agg" to describe the indisputably annualized aggregate limit of the Policies. The same term is used in Item 4 to describe the aggregate limit of the Certificates. The use of the term

"agg," therefore, does not "otherwise specifically provide" that the aggregate liability limits in the Certificates do not "follow the form" of the Policies.

The follow the form clause required the district court to presume that the liability limits of the Certificates applied in a manner concurrent with those of the Policies. That presumption is not a matter of law, but a matter of simple contract interpretation. Because the Certificates do not contain terms that specifically provide otherwise, the presumption of concurrence created by the follow form clause is not rebutted. The district court was therefore correct in holding that the aggregate limits of the Certificates, like those of the Policies, apply on an annualized basis.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **affirmed.**